**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

YESICA PERAZA,

        Plaintiff,

                                Case No. 1:19-cv-20052-FAM

   v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, POLLACK & ROSEN P.A.,
JOSEPH F. ROSEN, ESQ.,
DAVID MICHEAL KAMINSKI, ESQ.,
and MELANIE WASEMAN, ESQ.

        Defendants.

_____/

## DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Portfolio Recovery Associates, LLC, (hereinafter, "PRA"), by counsel, submits the following Answer to the Complaint ("Complaint") filed by Plaintiff Yesica Peraza ("Plaintiff").

PRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. PRA further states that its investigation of the present matter is ongoing. Accordingly, PRA reserves the right to amend this Answer. PRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, PRA states as follows:

### PRELIMINARY STATEMENT

1.     PRA admits Plaintiff purports to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681b *et seq.* ("FCRA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55

1

*et seq.* ("FCCPA"). PRA denies any remaining allegations in Paragraph 1 of the Complaint and specifically denies it violated the FDCPA, the FCRA, the FCCPA, or any applicable law, statute, or regulation.

2.      PRA denies the allegations in Paragraph 2 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 2 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

<u>**JURISDICTION AND VENUE**</u>

3.      The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

4.      The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 4 of the Complaint are denied.

5.      PRA admits Plaintiff brings this action for damages exceeding $ 18,000.00. PRA denies Plaintiff is entitled to any of the requested relief and/or judgments.

<u>**PARTIES**</u>

6.      PRA admits Plaintiff is a natural person and a resident of the State of Florida.

7.      PRA admits it is a Delaware limited liability company with its headquarters in Norfolk, Virginia.  PRA denies the remaining allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

8 of the Complaint, and therefore denies the same.

9.     The allegations in Paragraph 9 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10.     The allegations in Paragraph 10 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11.     The allegations in Paragraph 11 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     The allegations in Paragraph 12 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 12 of the Complaint are denied.

## FACTUAL ALLEGATIONS

13.     The allegations in Paragraph 13 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 13 of the Complaint are denied.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 14 of the Complaint are denied.  PRA further states it is without knowledge or

information sufficient to form a belief as to whether any financial obligation at issue in this action was incurred primarily for personal, family or household use, and therefore denies the same.

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 15 of the Complaint are denied.

16.     The allegations in Paragraph 16 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 16 of the Complaint are denied.

17.     The allegations in Paragraph 17 of the Complaint, including subparagraphs (a) through (f), refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 17 of the Complaint are denied.

18.     PRA denies the allegations in Paragraph 18 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 18 of the Complaint pertain to the other named defendants in this action, PRA states that it is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

19.     The allegations in Paragraph 19 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 19 of the Complaint are denied.

20.     The allegations in Paragraph 20 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 20 of the Complaint are denied.

21.     PRA denies the allegations in Paragraph 21 of the Complaint.

22.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     The allegations in Paragraph 23 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 23 of the Complaint are denied.

24.     PRA denies the allegations in Paragraph 24 of the Complaint.

25.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 of the Complaint, and therefore denies the same. PRA denies the remaining allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

27.     The allegations in Paragraph 27 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28.     The allegations in Paragraph 28 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.     The allegations in Paragraph 29 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.     The allegations in Paragraph 30 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31.     The allegations in Paragraph 31 of the Complaint pertain to the other named defendants in this action.  To the extent a response is deemed to be required, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33.     The allegations in Paragraph 33 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 33 of the Complaint are denied.

34.     The allegations in Paragraph 34 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 34 of the Complaint are denied.

35.     PRA denies the allegations in Paragraph 35 of the Complaint.

36.     The allegations in Paragraph 36 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 36 of the Complaint are denied.

37.     PRA is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 37 of the Complaint, and therefore denies the same.

38.     The allegations in Paragraph 38 of the Complaint pertain to the other named defendants in this action.  PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies the same.

39.     The allegations in Paragraph 39 of the Complaint pertain to the other named defendants in this action.  PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40.     PRA denies the allegations in Paragraph 40 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 40 pertain to the other named defendants, PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies the same.

41.     The allegations in the first two sentences of Paragraph 41 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in the first two sentences of Paragraph 41 of the Complaint are denied. PRA denies the remaining allegations in Paragraph 41 of the Complaint to the extent these allegations pertain to PRA. To the extent the remaining allegations in Paragraph 41 of the Complaint pertain to the other named defendants, PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint, and therefore denies the same.

42.     The allegations in the first sentence of Paragraph 42 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in the first sentence of Paragraph 42 of the Complaint are denied. PRA denies the remaining allegations in Paragraph 42 of the

Complaint to the extent these allegations pertain to PRA. To the extent the remaining allegations in Paragraph 42 of the Complaint pertain to the other named defendants, PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, and therefore denies the same.

43.     The allegations in Paragraph 43 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 43 of the Complaint are denied.

44.     The allegations in the first two sentences of Paragraph 44 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in the first two sentences of Paragraph 44 of the Complaint are denied. PRA denies the remaining allegations in Paragraph 44 of the Complaint to the extent these allegations pertain to PRA. To the extent the remaining allegations in Paragraph 44 of the Complaint pertain to the other named defendants, PRA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and therefore denies the same.

45.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies the same.

46.     PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies the same.

47.     The allegations in Paragraph 47 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 47 of the Complaint are denied.

48.     The allegations in the first sentence of Paragraph 48 of the Complaint refer to

documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in the first sentence of Paragraph 48 of the Complaint are denied. PRA denies the remaining allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 49 of the Complaint are denied.

50.     The allegations in Paragraph 50 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 50 of the Complaint are denied.

51.     The allegations in Paragraph 51 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 51 of the Complaint are denied.

52.     The allegations in Paragraph 52 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 52 of the Complaint are denied.

53.     The allegations in Paragraph 53 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 53 of the Complaint are denied.

54.     PRA denies the allegations in Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 of the Complaint refer to a document which speaks for itself or state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 55 of the Complaint are denied.

56.     PRA denies the allegations in Paragraph 56 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 56 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

57.     PRA denies the allegations in Paragraph 57 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 57 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

58.     To the extent the allegations in Paragraph 58 of the Complaint pertain to PRA, the allegations in Paragraph 58 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 58 of the Complaint are denied.  To the extent the allegations in Paragraph 58 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

59.     To the extent the allegations in Paragraph 59 of the Complaint pertain to PRA, the allegations in Paragraph 59 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 59 of the Complaint are denied.  To the extent the allegations in Paragraph 59 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

60.     To the extent the allegations in Paragraph 58 of the Complaint pertain to PRA, the allegations in Paragraph 60 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 60 of the

Complaint are denied. To the extent the allegations in Paragraph 60 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

## COUNT 1 – VIOLATION OF FDCPA BY DEFENDANTS PORTFOLIO, POLLACK, ROSEN, KAMINSKI AND WASEMAN

61.    PRA incorporates and re-asserts the responses in paragraphs 1 through 60 as if fully stated herein.

62.    The allegations in Paragraph 62 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 62 of the Complaint are denied.

63.    PRA denies the allegations in Paragraph 63 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 63 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

64.    To the extent the allegations in Paragraph 64 of the Complaint pertain to PRA, the allegations in Paragraph 64 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 64 of the Complaint are denied. To the extent the allegations in Paragraph 64 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

65.    PRA denies the allegations in Paragraph 65 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 65 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

66.     PRA denies the allegations in Paragraph 66 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 66 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

67.     PRA denies the allegations in Paragraph 67 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 67 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

68.     PRA denies the allegations in Paragraph 68 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 68 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

69.     PRA denies the allegations in Paragraph 69 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 69 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

70.     PRA denies the allegations in Paragraph 70 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 70 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

71.     PRA denies the allegations in Paragraph 71 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 71 of the Complaint pertain

to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

72.     PRA denies the allegations in Paragraph 72 of the Complaint to the extent these allegations pertain to PRA. PRA further denies the allegations contained in the WHEREFORE clause immediately following Paragraph 72 of the Complaint and further denies Plaintiff is entitled to any of the requested relief and/or judgments. To the extent the allegations in Paragraph 72 of the Complaint, including the allegations in the WHEREFORE clause immediately following Paragraph 72 of the Complaint, pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

**COUNT II**

**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLORIDA STATUTE § 559(PART VI) BY DEFENDANTS PORTFOLIO, POLLACK, ROSEN, KAMINSKI, AND WASEMAN**

73.     PRA incorporates and re-asserts the responses in paragraphs 1 through 72 as if fully stated herein.

74.     The allegations in Paragraph 74 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 74 of the Complaint are denied.

75.     To the extent the allegations in Paragraph 75 of the Complaint pertain to PRA, the allegations in Paragraph 75 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 75 of the Complaint are denied.  To the extent the allegations in Paragraph 75 of the Complaint pertain to

the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

76.     PRA denies the allegations in Paragraph 76 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 76 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

77.     PRA denies the allegations in Paragraph 77 of the Complaint to the extent these allegations pertain to PRA. To the extent the allegations in Paragraph 77 of the Complaint pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

78.     PRA denies the allegations in Paragraph 78 of the Complaint to the extent these allegations pertain to PRA. PRA further denies the allegations contained in the WHEREFORE clause immediately following Paragraph 78 of the Complaint and further denies Plaintiff is entitled to any of the requested relief and/or judgments. To the extent the allegations in Paragraph 78 of the Complaint, including the allegations in the WHEREFORE clause immediately following Paragraph 78 of the Complaint, pertain to the other named defendants in this action, PRA is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT PORTFOLIO

79.     PRA incorporates and re-asserts the responses in paragraphs 1 through 78 as if fully stated herein.

80. The allegations in Paragraph 80 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 80 of the Complaint are denied.

81. The allegations in Paragraph 81 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required PRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies the same.

82. The allegations in Paragraph 82 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 82 of the Complaint are denied.

83. The allegations in Paragraph 83 of the Complaint, including subparagraphs (1) through (2), state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 83 of the Complaint are denied.

84. The allegations in Paragraph 84 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 84 of the Complaint are denied.

85. The allegations in Paragraph 85 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 85 of the Complaint are denied.

86. PRA denies the allegations in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 87 of the Complaint are denied.

88.     The allegations in Paragraph 88 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 88 of the Complaint are denied.

89.     PRA denies the allegations in Paragraph 89 of the Complaint.

90.     PRA denies the allegations in Paragraph 90 of the Complaint.

91.     The allegations in Paragraph 91 of the Complaint state legal conclusions to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 91 of the Complaint are denied.

92.     PRA denies the allegations in Paragraph 92 of the Complaint, including subparagraphs (a) through (b).

93.     PRA denies the allegations in Paragraph 93 of the Complaint. PRA further denies the allegations in the WHEREFORE clause immediately following Paragraph 93 of the Complaint and denies Plaintiff is entitled to any of the requested relief and/or judgments.

## DEMAND FOR TRIAL BU JURY

PRA admits Plaintiff demands a jury, but denies Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

PRA hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PRA and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PRA acted in good faith and complied fully with the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Credit Reporting Act ("FCRA").

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims under the FDCPA and the FCCPA fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair and Conscionable Means)

Plaintiff's claims fail to the extent the means employed by PRA to collect the debts at issue were fair and conscionable.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent Plaintiff's purported damages, which PRA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

Plaintiff's claims against PRA fail to the extent that Plaintiff seek to hold PRA liable, vicariously or otherwise, for the acts or omissions of others.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Authorization)

Plaintiff's claims fail to the extent PRA's actions were authorized by the terms of the underlying agreement(s) creating the debt(s).

## NINTH AFFIRMATIVE DEFENSE
### (Damages)

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against PRA, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. PRA is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TENTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

Plaintiff cannot recover from PRA individually for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Standing under the FCRA)**

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims under the FCRA. Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, not compensable.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Truth/Accuracy of Information)**

Plaintiff's claims fail to the extent that they are barred because all information PRA communicated to any third person regarding Plaintiff was true.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Contract Claims)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims are contractual in nature and not appropriate under the FCRA.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Injury-In-Fact)**

Plaintiff cannot recover from PRA under the Complaint to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Standing)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lack standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Waiver, Release and/or Accord and Satisfaction)**

The Complaint is barred, in whole or in part, to the extent Plaintiff has released or otherwise waived her claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Barred by Applicable Constitutional Provisions)

Plaintiff's claims are barred, in whole or in part, by the Constitutions of the United States of America and the state of Florida.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Right to Additional Defenses)

PRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Portfolio Recovery Associates, LLC, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding PRA its costs and expenses incurred herein; and (3) awarding PRA such other and further relief as the Court may deem just and proper.

Dated:  February 13, 2019       Respectfully submitted,

By: *_/s/ John S. Gibbs III_____*
John S. Gibbs III
Florida Bar No. 91102
Troutman Sanders LLP
Suite 3000
600 Peachtree Street
Atlanta, Georgia 30308
Telephone: (404) 885-3093
Facsimile: (404) 885-3900
E-mail: evan.gibbs@troutman.com

*Counsel for Defendant*
*Portfolio Recovery Associates, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 13, 2019, this document was electronically filed with the

Clerk of Court using the CM/ECF electronic filing system, which will then send a notification of

such filing to counsel of record.

<u>*/s/ John S. Gibbs III*  </u>
John S. Gibbs III
