UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-20052-FAM

YESICA PERAZA,
        Plaintiff,
v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
POLLACK & ROSEN P.A., JOSEPH F. ROSEN, ESQ.,
DAVID MICHEAL KAMINSKI, ESQ.,
MELANIE WASEMAN, ESQ.

        Defendants.
_____/

## PRPA DEFENDANTS' REPLY TO PLAINTIFFS RESPONSETO MOTION TO DISMISS COMPLAINT OR FOR MORE DEFINITE STATEMENT

Defendants, Pollack & Rosen, P.A., Joseph F. Rosen, Esq., David Michael Kaminski, Esq., and Melanie Waseman, Esq. (the "PRPA Defendants"), by and through the undersigned counsel, hereby reply to the Plaintiff's Response to the PRPA Defendants' Motion to Dismiss the Plaintiff's Complaint [D.E. 16], as follows:

**I.  INTRODUCTION**

1.  *Pro se* Plaintiff has devoted more time and effort to defending her impermissible pleading practices than would be necessary to bring her Complaint [D.E. 1] into compliance with the Federal Rules of Civil Procedure. Moreover, Plaintiff misconstrues the holdings in the cases she relies upon in her response to take the position that her impermissible pleading practices do actually comply with the Rules.

2.  Plaintiff erroneously asserts she is entitled to reincorporate each and every paragraph of her Complaint into each successive count of the Complaint, despite extensive case law holding that such an approach is improper when multiple Defendants are being sued and are

1

not all defendants in each count. The law in the 11th Circuit does not support this position. As such, Plaintiffs' Complaint must be dismissed.

**II.  MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S RESPONSE**

3. PRPA Defendants request nothing more than what is required: a well-pleaded Complaint that states, in short and plan statements, the allegations made against them. Plaintiffs' incorporation of all predecessor counts in her Complaint into the successor counts creates a morass of self-referential allegations that do not comply with these standards. Due to this, Plaintiff's Complaint must be dismissed.

4. The clear weight of authority in this Circuit requires the Plaintiff to re-plead her Complaint to correct the issues created by her improper incorporation of all of her allegations, including prior counts, into each successive count of the Complaint. This is especially true in case such as this, where the Complaint asserts differing counts against multiple defendants, but does not assert the same counts or claims against all defendants independent of the re-incorporation allegations.

5. The federal court system, while construing *pro se* pleadings liberally, has "little tolerance for shotgun pleadings." *Arrington v. Green*, 2018 WL 6326210 (11th Cir. 2018) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008); *Bell Alt. Corp. v. Twombly*, 550 U.S. 544 (2007)). Courts faced with shotgun complaints generally require the plaintiff to replead, though in some circumstances they may dismiss the action with prejudice altogether and even impose sanctions. *See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357–1358 (11th Cir. 2018) (citing *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001). Prior to its ruling in *Davis* from 2008, the Eleventh Circuit had already "expressly condemned shotgun pleadings upward of fifty times." *Davis*, 516 F.3d at 1386. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792

F.3d 1313, 1322–1323 (11th Cir. 2015) stated that the exact same type of reincorporation present in Plaintiff's complaint is the sine non qua of a shotgun pleading and is a "mortal sin" for any complaint. In *Weiland* the Court incorporated a footnote citing nineteen (19) prior cases all recognizing that such pleading practice is improper and requires dismissal:

> *"Keith v. DeKalb Cnty.,* 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading...."); *Paylor v. Hartford Fire Ins. Co.,* 748 F.3d 1117, 1126 (11th Cir. 2014) (stating that a shotgun pleading occurs where each count adopts the allegations of all preceding counts); *Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 650 n. 22 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal, No. 07–13225, and dissenting in the cross-appeal, No. 07–13477) (finding "a typical 'shotgun' pleading" where "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading"); *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 & n. 4 (11th Cir. 2010) (finding a "typical shotgun pleading" where the last of a complaint's ten counts "amounts to an amalgamation of all counts"); *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.,* 500 F.3d 1293, 1311 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (stating that the practice of incorporating each count's allegations into successive counts is the "cardinal sin of 'shotgun' pleading"); *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1354 n. 6 (11th Cir. 2006) (finding that the complaint was a "typical shotgun pleading" where each count incorporated all previous allegations); *Wagner,* 464 F.3d at 1279 ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."); *Daewoo Motor Am., Inc. v. Gen. Motors Corp.,* 459 F.3d 1249, 1264 n. 7 (11th Cir.2006) (Tjoflat, J., specially concurring) (finding that the complaint was "a typical 'shotgun pleading' containing multiple counts, each incorporating by reference all the (usually irrelevant) allegations of previous counts"); *SEC v. Diversified Corporate Consulting Grp.,* 378 F.3d 1219, 1221 n. 2 (11th Cir.2004) ("[Plaintiff's] complaint is a typical shotgun pleading in that each count incorporates by reference every allegation preceding it.") (citation omitted); *Ambrosia Coal & Constr. Co. v. Pagés Morales,* 368 F.3d 1320, 1330 n. 22 (11th Cir.2004) (finding a shotgun pleading where "[m]any [counts] adopt the material allegations of the preceding counts or paragraphs such that some counts appear to state more than one cause of action"); *Lumley v. City of Dade City,* 327 F.3d 1186, 1192 & n. 13 (11th Cir. 2003) (finding a shotgun pleading where "[e]ach count incorporates by reference the allegations of the preceding counts and thus includes allegations that are irrelevant to the cause(s) of action the count ostensibly states"); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation

3

where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."); *Sikes v. Teleline, Inc.,* 281 F.3d 1350, 1356 n. 9 (11th Cir. 2002) ("We note that the plaintiffs' complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.* 553 U.S. 639, 646, 661, 128 S.Ct. 2131, 2137, 2145, 170 L.Ed.2d 1012 (2008); *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) ("Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it."); *Moore v. Am. Fed'n of Television & Radio Artists,* 216 F.3d 1236, 1240 (11th Cir. 2000) (dubbing the complaint a shotgun pleading because it was "96 pages long with 232 numbered paragraphs; [and] each count incorporate[d] by reference all previous paragraphs"); *BMC Indus., Inc. v. Barth Indus., Inc.,* 160 F.3d 1322, 1326 n. 6 (11th Cir. 1998) (describing as "a quintessential example" of a shotgun pleading a complaint in which each successive count incorporated by reference both the factual and legal allegations of the previous counts); *Thornton v. City of Macon,* 132 F.3d 1395, 1396 n. 1 (11th Cir. 1998) (describing as a "quintessential shotgun pleading" a two count complaint where the second count "incorporated all of the preceding allegations of the complaint, including those of Count One"); *Johnson v. City of Fort Lauderdale,* 126 F.3d 1372, 1376 n. 4 (11th Cir. 1997) (finding that a complaint was a shotgun pleading where "each of the complaint's nine counts incorporates *all* of the factual allegations of earlier counts"); *Anderson,* 77 F.3d at 366 (describing a complaint as a shotgun pleading where "each count also adopts the allegations of all preceding counts"). *Id.* at 1321 n. 11 (short cites replaced with long form case citations).

6.     Accordingly, the clear weight of authority definitively prohibits Plaintiff from moving forward with her Complaint as currently pled.

7.     Moreover, in *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002), a case cited by Plaintiff to support her position, the Eleventh Circuit ruled *against* the Plaintiff and dismissed a shotgun pleading which created identical problems for the Court as the instant Complaint.

8.     Moreover, the one case where a "shotgun pleading" was allowed to stand cited by the Plaintiff is distinguishable from this matter. In *T-12 Entertainment, LLC v. Young Kings Enterprises, Inc.*, 36 F.Supp.3d 1380 (N.D. Ga. 2014), the Northern District of Georgia allowed a shotgun pled complaint against a single defendant to survive a Motion to Dismiss. The Court

4

explained that—despite the incorporation by reference issue —the court did not have to dismiss the Complaint because it did not require the Defendant or Court to undertake the "cumbersome task of sifting through myriad claims." *Id.* at 1387–1388 (citing *Anderson v. District Bd. Of Trustees of Cent. Florida Community College*, 77 F.3d 364, 365–366 (11th Cir. 1996)).

9. The PRPA defendants respectfully submit the *T-12* case is not persuasive and distinguishable from the facts of this case. In *T-12*, other aspects of the Complaint were well-pleaded and, because only a single defendant was named, there was not even a risk of ambiguity or potential ambiguity in evaluating which claims had been pled against which Defendant(s). *See also Techjet Innovations Corp. v. Benjelloun*, 203 F.Supp.3d 1219, 1232–1233 (N.D. Ga. 2016) (dismissing a complaint where it improperly grouped allegations against multiple defendants to an extent where it became difficult to recognize who the plaintiff contended was responsible and implicated in each alleged misrepresentation); *see also TTCP Energy Finance Fund II, LLC v. Ralls Corporation*, 255 F.Supp.3d 1285 (N.D. Ga. 2017) (referring to defendants collectively was acceptable only where all defendants were implicated in each action for the entirety of the complaint).

10. Here, Plaintiff has presented three (3) counts against five (5) defendants. Not all defendants are named in all counts. Yet, every previous paragraph, including prior counts, is re-incorporated into each successive count. This pleading approach makes it almost impossible for the PRPA Defendants to adequately respond as they appear to be incorporated into claims that are captioned as being asserted only against other co-defendants. Unlike in *T-12*, here we have *many* defendants and *multiple* counts applying in different ways to each. Counts 1, and 2, of the Complaint are asserted against the PRPA Defendants. However, Count 3 which is labeled as applying to Portfolio Recovery, incorporates the entirely of the Complaint—including all of

Counts 1, and 2. It is therefore ambiguous whether Count 3 also is intended to assert claims against the PRPA Defendants, despite the captioning of same.

11. As a result of the ambiguity created by Plaintiff's noncompliant pleading practices in her Complaint, Plaintiff's Complaint must be dismissed.

## III. CONCLUSION

Plaintiff has failed to plead in compliance with the Federal Rules of Civil Procedure and has asserted a shotgun complaint that incorporates counts against various defendants together in subsequent counts against other named defendants. Plaintiff's non-conforming Complaint requires a dismissal.

**WHEREFORE**, the PRPA Defendants respectfully request that this Honorable Court Dismiss the Plaintiff's Complaint and order such other relief as the Court deems just and necessary.

Dated: March 6, 2019
Boca Raton, FL

Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
*Attorneys for the PRPA Defendants*
2700 North Military Trail - Suite 150
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax: (561) 241-2330
Email: Matt@shendellpollock.com

By: /s/ Matt Tornincasa
MATT TORNINCASA, ESQ.
Florida Bar No. 0057698

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using Florida Court's E-Filing Portal which will forward notice of electronic filing to all counsel of record, and have also served the foregoing by US Mail to: **Yesica Peraza**, 7950 NW 11th Street, Pembroke Pines, FL 33024, on this 6th day of March, 2019.

By: /s/ Matt Tornincasa
Matthew Tornincasa, Esq..