UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20052-CIV-MORENO

YESICA PERAZA,

           Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, POLLACK & ROSEN P.A., JOSEPH F.
ROSEN, ESQ., DAVID MEICHAEL
KAMINSKI, ESQ., MELANIE WASEMAN,
ESQ.,

           Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint or for More Definite Statement **(D.E. 15)**, filed on **February 13, 2019**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and is otherwise fully advised in the premises.

### I. Background

*Pro se* Plaintiff Yesica Peraza brings this civil action against Defendants Portfolio Recovery Associates, LLC, Pollack & Rosen P.A., Joseph Rosen, Esq., David Michael Kaminski, Esq., and Melanie Waseman, Esq. In her complaint, Plaintiff asserts a claim against all Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (Count I), a claim against all Defendants for violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559 (Count II), and a claim against Defendant Portfolio Recovery Associates, LLC for violation of the Fair Credit Reporting Act, 15 U.S.C. §1692. Defendants Pollack & Rosen P.A., Joseph Rosen,

Esq., David Michael Kaminski, Esq., and Melanie Waseman, Esq moved to dismiss the complaint or obtain a more definite statement because they assert that the Complaint constitutes an impermissible shotgun pleading. The Court grants the Motion to Dismiss.

## II. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

## III. Legal Analysis

Defendants' motion to dismiss asserts that Plaintiff's Complaint constitutes a "shotgun pleading" because Counts II and III incorporate by reference all preceding paragraphs of the Complaint. The Court agrees and holds that the Complaint fails to comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure and should be dismissed. Fed. R. Civ. P. 8(a)(2). The Eleventh Circuit has identified four categories of shotgun pleadings:

> "The most common type [of shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015).

The unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland, 792 F.3d at 1323. Shotgun pleadings are often confusing, incoherent, and clogged with seemingly irrelevant allegations and thus are appropriate for dismissal. Lampkin-Asam v. Volusia Cty. Sch.

Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Furthermore, they water down the rights of the parties to have valid claims litigated efficiently and wreak havoc on the judicial system. Byrne v. Nezhat, 261 F.3d 1075, 1130-31 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011). Given that cases framed by shotgun pleadings exhaust a disproportionate amount of time for courts to resolve, they cause delayed justice and risk the public's confidence in the system. See id. For these reasons, the Eleventh Circuit condemns shotgun pleadings.

      Plaintiff's Complaint is an example of the quintessential "shotgun" pleading in that each count, except Count I, improperly incorporates by reference all prior allegations. See Keith v. DeKalb Cnty., 749 F.3d 1034, 1045 n. 39 (11th Cir.2014). Count I is incorporated by reference in Count II, and Counts I and II are incorporated by reference in Count III.[1] While the jurisdictional and factual allegations common to all counts may be adopted within each count, each subsequent count cannot adopt the allegations of all preceding counts; Plaintiff's complaint suffers from this flaw. See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 & n. 4 (11th Cir.2010) (finding a "typical shotgun pleading" where the last of a complaint's ten counts amounts to an amalgamation of all counts); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n. 6 (11th Cir.2006) (finding that the complaint was a "typical shotgun pleading" where each count incorporated all previous allegations); Wagner v. First Horizon Pharm. Corp., 464 F.3d at 1279 ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."); Strategic Income

---

[1] Count I incorporates by reference all general allegations in paragraphs 1 through 60. Count II incorporates by refence all allegations in paragraphs 1 through 72. Count III incorporates by reference all allegations in paragraphs 1 through 78.

Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). Accordingly, the Court holds that the Complaint embodies the very definition of a shotgun pleading and must be dismissed.

The ambiguity that results from a shotgun pleading is demonstrated in Count III. Count III is seemingly directed as to only Defendant Portfolio, while Counts I and II are directed towards all five of the Defendants in the action. However, by incorporating all the allegations set forth in Counts I and II, Count III, which seems to only apply to Portfolio, contains allegations that were asserted against different Defendants. This increases the potential for confusion in determining which allegations pertain to each Defendant. See Brown v. Capital One Servs., LLC, No. 18-CIV-60669-JEM, 2019 WL 569842, at *2 (S.D. Fla. Jan. 9, 2019); Gubanova v. Miami Beach Owner, LLC, No. 12-CIV-22319-RSR, 2013 WL 6229142, at *5 (S.D. Fla. Dec. 2, 2013); Pierre v. Miami-Dade Cty., No. 05-CIV-23291-ASG, 2006 WL 8433466, at *4 (S.D. Fla. June 15, 2006). Nevertheless, if Count III is indeed meant to only be directed against Defendant Portfolio, it would contain allegations that are irrelevant to its claim, requiring the court to sift through the facts presented and decide for itself which are material to the particular cause of action asserted. See McInteer, 470 F.3d at 1354; Strategic Income Fund, L.L.C., 305 F.3d at 1295.

Although courts are to liberally construe *pro se* pleadings, they are not required to rewrite an otherwise deficient pleading in order to sustain an action. Lowe v. Delta Air Lines Inc., 730 F. App'x 724, 729 (11th Cir. 2018). Accordingly, the Court holds that this complaint fails to articulate claims with enough clarity to allow the defendant to frame a responsive pleading. This is Plaintiff's first attempt at pleading her claims, and the Court will allow Plaintiff the opportunity

to amend and cure these pleading deficiencies. However, Plaintiff is cautioned against filing another shotgun pleading in this case.

### IV. Conclusion

The Court finds that Plaintiff has filed an impermissible shotgun pleading. Accordingly, it is ADJUDGED that Defendant's Motion to Dismiss is GRANTED. Plaintiff must amend her complaint by no later than May 20, 2019.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 of May 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Yesica Peraza
7950 NW 11 ST
Pembroke Pines, FL 33024
PRO SE